IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| TRAVIS R. JONES,                     | * |                          |
|                                      | * |                          |
| Plaintiff                            | * |                          |
|                                      | * | Civ. No.: MJM-23-2739    |
| v.                                   | * |                          |
|                                      | * |                          |
| BLUE OCEAN REALTY, LLC, *et al.*,    | * |                          |
|                                      | * |                          |
| Defendant.                           | * |                          |

* * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Travis R. Jones ("Plaintiff") commenced this pro se civil action against Defendants Blue Ocean Realty, LLC and Oaklee Village Baltimore, LLC (collectively, "Defendants"), alleging refusal to rent and failure to provide reasonable accommodations in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f)(1). Currently pending are Defendants' Motion to Dismiss (ECF No. 12) and Plaintiff's "Motion For Time Extension To Answer Defendants' Motion ECF16." (ECF No. 17). The motions are fully briefed and ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Plaintiff's motion will be denied and Defendants' motion will be granted.

I.  **FACTUAL BACKGROUND**

In early 2020, Plaintiff and his fiancée, Nicole Floresca, started searching for apartments in the Baltimore area. Am. Compl., ¶ 18. At the time, they were living with a friend in Baltimore City. *Id.* ¶ 17. Plaintiff is physically disabled, having been injured in a bus crash in 2006, but is able to live independently without special facilities or structural modifications. *Id.* ¶¶ 4, 9–10, 12.

1

On July 17, 2020, after viewing the Oaklee Village Apartments complex and surrounding area, Plaintiff applied online for a one-bedroom-plus-den unit listed at $850 per month. *Id.* ¶¶ 18, 20. Defendants are owners and/or operators of the apartment complex. *Id.* ¶¶ 5–6. On July 20, 2020, Plaintiff received a voicemail from Stanley Ross Jr. ("Ross"), the leasing consultant for the apartment complex, informing Plaintiff that he was approved for the apartment and needed to provide the rental office with two forms of identification, a source of income statement, a renter's insurance declaration, and an electric bill in his name. *Id.* ¶ 21. Ross also stated that the move-in date would be September 1, 2020, subject to Plaintiff putting down a security deposit within seventy-two hours. *Id.* After the phone call, Plaintiff received an email from the rental office reaffirming his approval and providing his new address and a statement that his new move-in date would be September 14, 2020. *Id.* ¶ 22.

A day later, Plaintiff dropped off a $850 security deposit at Oaklee Village Apartments. *Id.* ¶ 23. The email confirming receipt of the security deposit showed a new move-in date of October 1, 2020. *Id.* ¶¶ 23–25. On July 24, 2020, Ross emailed Plaintiff asking for the previously requested documentation. *Id.* ¶¶ 26–27. Due to the COVID-19 pandemic, Plaintiff delayed hand delivering the documents. *Id.* ¶ 27. On September 15, 2020, Plaintiff called the rental office and asked to schedule a walk-through inspection of his new apartment, given his disability. *Id.* ¶ 29. Ross responded that a walk-through inspection would not be possible because the unit was still occupied. *Id.* The next day, Ross informed Plaintiff that he was providing a different unit than Plaintiff expected, with a new move-in date of October 8, 2020. *Id.* ¶ 30.

On October 1, 2020, Plaintiff received an email from the rental office stating he had one day to provide the necessary documentation for the apartment or his application would be "revoked." *Id.* ¶ 33. Plaintiff then delivered all the requested documentation except for the rental

insurance declaration and the utilities service change, which Ross said could be provided during move-in. *Id*. ¶¶ 34–36. The move-in date was revised again, to October 15, 2020. *Id*. ¶ 35. On October 5, 2020, Ross sent Plaintiff an email stating that he did not meet the "income requirements" for renting the apartment and would need to pick up his security deposit. *Id*. ¶¶ 40–41. Plaintiff spent the next several days exchanging emails with the rental office in an effort to keep the apartment, but to no avail. *Id*. ¶¶ 42–51. On October 7, 2020, Plaintiff received an email from an employee of the rental office ostensibly meant for Ross, in which he was mocked for failing to meet income qualifications for the apartment. *Id*. ¶ 51. In the final email exchange between Plaintiff and the rental office, dated to November 24, 2020, Plaintiff asked to speak with a supervisor and was rebuffed. *Id*. ¶¶ 53–56.

## II.   PROCEDURAL BACKGROUND

On October 6, 2023, Plaintiff filed an initial Complaint against Defendants, alleging housing discrimination in violation of the FHA and seeking a declaratory judgment, injunctive relief, and damages. ECF No. 1. On November 27, 2023, Plaintiff filed an Amended Complaint. ECF No. 6. On December 28, 2023, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 12, to which Plaintiff filed a Response in Opposition, ECF No. 15, and Defendants filed a Reply in Support, ECF No. 16.[1]

---

[1] On March 8, 2024, Plaintiff filed a motion styled as "Motion for the Time Extension to Answer Defendants' Motion ECF16," ECF No. 17, which Defendants oppose, ECF No. 18. Plaintiff's motion requests an extension of time to file a surreply to Defendant's reply brief. Because a surreply may only be filed with the Court's permission, *see* Local Rule 105.2 (D. Md. 2023), Plaintiff's motion will be construed as a motion for leave to file a surreply. The motion will be denied. Surreplies are generally disfavored and should only be permitted when the opposing party raises an argument for the first time in a reply brief and the non-movant has no other opportunity to respond. *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 722 (D. Md. 2017) (citation omitted). In this case, Defendants only addressed the issues of equitable tolling and continued violations in their reply brief, both of which Plaintiff first raised in his opposition brief. There is no need for a surreply on these issues.

**III.     STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). Pro se pleadings are construed more generously, though courts still may not ignore a clear failure to allege facts setting forth a cognizable claim. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (citations omitted). When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

IV.	ANALYSIS

Under 42 U.S.C. § 3613(a)(1)(A), a plaintiff has two years from the occurrence or termination of an alleged discriminatory housing practice to file a complaint pursuant to the FHA. Defendants allegedly discriminated against Plaintiff on October 5, 2020, and the parties ceased contact on November 24, 2020. Am. Compl., ¶¶ 40, 53. Thus, any suit alleging housing discrimination by Defendants under the FHA was due to be filed no later than November 24, 2022. Plaintiff filed his initial Complaint nearly eleven months later, on October 6, 2023. *See* ECF No. 1. Accordingly, this action was filed beyond the applicable statute of limitations.

Plaintiff argues that the late filing of this action is (1) excused under the doctrine of equitable tolling due to the COVID-19 pandemic and (2) justified by Defendants' continuing violations. ECF No. 15 at 2.

A. **Equitable Tolling**

Courts apply equitable tolling where "it would be unconscionable to enforce the limitation period against [a] party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The equitable tolling doctrine "is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court." *Baxter v. Burns & McDonnell Eng'g Co.*, Civ. No. JKB-19-3241, 2020 WL 4286828, at *3 (D. Md. July 27, 2020) (citing *United States v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999)). It is meant to be a "rare remedy available only where the plaintiff has exercised due diligence in preserving his legal rights." *Cruz v. Maypa*, 773 F.3d 138, 145–46 (4th Cir. 2014) (cleaned up). As a result, the "circumstances under which equitable tolling has been permitted are [] quite narrow." *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002).

5

Generally, equitable tolling is available when (1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Cruz*, 773 F.3d at 146 (citation omitted). Plaintiff does not allege that wrongful conduct on the part of Defendants prevented him from filing his claims.

The issue is whether, in the circumstances of this case, the COVID-19 pandemic was a sufficiently extraordinary circumstance to toll the statute of limitations. The Court finds it is not. Judges of this Court have in the past applied equitable tolling based on the COVID-19 pandemic. *See, e.g.*, *McCoy v. Transdev Servs., Inc.*, Civ. No. DKC-19-2137, 2020 WL 2319117, at *5 (D. Md. May 11, 2020) (holding that equitable tolling applied during the pandemic because many civil deadlines had been extended and the opposing party did not object). Here, however, Plaintiff has failed to explain how the pandemic prevented him from filing his Complaint within the two-year statute of limitations after the alleged violations. Therefore, equitable tolling does not apply to excuse the belated filing of the instant action.

### B. Continuing Violation Doctrine

The continuing violation doctrine "provides that a plaintiff may recover for a string of incidents that form a single action even if some of those incidents occurred outside the limitations period[.]" *Equal Rts. Ctr. v. Camden Prop. Tr.*, Civ. No. PJM-07-2357, 2008 WL 892289, at *8 (D. Md. Sept. 22, 2008). The Court has held that the continuing violation doctrine applies to *continuing acts* of the defendant, not the *continued effects* that those acts may have caused. *Kuchmas v. Towson Univ.*, 553 F. Supp. 2d 556, 562 (D. Md. 2008) (emphases added) (citing *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 510 (E.D. Va. 2002)). Plaintiff does not allege that Defendants took any discriminatory actions against him after November 24, 2020.

Because Plaintiff does not allege any continuing violations on the part of Defendants, and instead merely that he still suffers the repercussions of violations that occurred more than two years before he filed suit, the continuing violations doctrine does not apply.

## V.     CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss is granted and Plaintiff's "Motion For Time Extension To Answer Defendants' Motion ECF16" is denied.

A separate Order shall issue.

June 6, 2024
Dated

Matthew J. Maddox
United States District Judge